THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TAUNEE R. BURNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>BLAKE MAXFIELD, d/b/a MAXWAY TRUCKING, REX HICKS d/b/a MAXWAY TRUCKING, MAXWAY, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br>- **DENYING [ECF NO. 20] MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT BLAKE MAXFIELD dba MAXWAY TRUCKING AND**<br>- **GRANTING [ECF NO. 22] DEFENDANTS' MOTION TO SET ASIDE THE ENTRY OF DEFAULT AGAINST DEFENDANT REX HICKS d/b/a MAXWAY TRUCKING**<br><br>Case No. 2:25-cv-00726-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Plaintiff's Motion for Entry of Default Against Defendant Blake Maxfield[1] and Defendants' Motion to Set Aside the Entry of Default Against Defendant Rex Hicks.[2] Defendants' motion also contains a response to Plaintiff's motion.[3] Plaintiff filed a notice of non-opposition.[4]

---

[1] Mot. for Entry of Default Against Defs. Blake Maxfield dba Maxway Trucking and Maxway, Inc. ("Mot. for Default"), ECF No. 20, filed October 8, 2025.
[2] Mot. to Set Aside the Entry of Default Against Def. Rex Hicks d/b/a Maxfield Trucking and Request to Deny Mot. for Entry of Default Against Defs. Blake Maxfield d/b/a Maxway Trucking and Maxway, Inc. ("Mot. to Set Aside Default"), ECF No. 22, filed October 9, 2025.
[3] *Id.*
[4] Notice of Non-Opposition to Defendants' Motion ECF No. 22 ("Non-Opp."), ECF No. 28, filed November 6, 2025.

## BACKGROUND

Plaintiff filed her complaint on August 27, 2025.[5] The Complaint alleges that Defendants discriminated against Plaintiff and failed to accommodate her reasonable requests when she informed them that she was pregnant.[6] On September 23, 2025, Plaintiff filed a motion for entry of default against Defendant Rex Hicks.[7] The Clerk entered a Default Certificate on October 1, 2025.[8] On October 8, 2025, Plaintiff filed her motion for entry of default against Blake Maxfield.[9] One day later, on October 9, 2025, all Defendants filed their answer,[10] Defendants moved to set aside the entry of default against Rex Hicks, and Defendants requested that Plaintiff's motion for entry of default against Blake Maxfield be denied.[11] On November 6, 2025, Plaintiff filed a notice of non-opposition to Defendants' motion and request for denial of Plaintiff's motion.[12]

## STANDARD

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause . . . ."[13] To establish good cause, the Tenth Circuit requires three criteria to be satisfied: "(1) the moving party's culpable conduct did not cause the default; (2) the

---

[5] Compl., ECF No. 1, filed August 27, 2025.
[6] *Id.*
[7] Mot. for Entry of Default Against Defendant Rex Hicks dba Maxway Trucking, ECF No. 11, filed September 23, 2025.
[8] Default Certificate, ECF No. 18, filed October 1, 2025.
[9] Mot. for Default.
[10] Answer to Pl.'s Compl., ECF No. 21, filed October 9, 2025.
[11] Mot. to Set Aside Default.
[12] Non-Opp.
[13] Fed. R. Civ. P. 55(c).

2

moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment."[14]

## DISCUSSION

### I. Defendants' Motion to Set Aside Entry of Default against Defendant Rex Hicks

First, Mr. Hicks' culpable conduct did not cause the default here. Instead, Mr. Hicks asserts that the delay resulted from miscommunication between him and counsel regarding his representation.[15] This is a simple mistake, not culpable conduct made in bad faith.[16]

Second, Defendants asserts a potentially meritorious defense. Defendants assert that Plaintiff's requested accommodation would be an undue hardship and is not one they were required to give.[17] Defendants also deny discriminating or retaliating against Plaintiff, as they offered Plaintiff an alternative position that she declined.[18]

Third, Plaintiff will not be prejudiced by the setting aside of any default. Mr. Hicks moved to set aside the default and filed an answer within 10 days of the entry of default. This quick action offsets any possible prejudice. Plaintiff's non-opposition also shows that Plaintiff will not be prejudiced by setting aside the default.

### II. Plaintiff's Motion for Entry of Default Against Defendant Blake Maxfield

Plaintiff moved to enter default judgment against Blake Maxfield on October 8, but just one day later Defendants filed their answer and requested that Plaintiff's motion be denied. After

---

[14] *United States v. $285,350.00 in U.S. Currency*, 547 F. App'x 886, 887 (10th Cir. 2013) (quoting *United States v. Timbers Preserve,* 999 F.2d 452, 454 (10th Cir. 1993)).
[15] Mot. to Set Aside Default 3–4.
[16] *See Speed of Light OPS, LLC v. Elliot*, No. 2:22-cv-246, 2024 WL 54432, at *2 (D. Utah Jan. 4, 2024) ("A moving party's failure to respond or answer will constitute culpable conduct only when accompanied by bad faith.") (citing *United States v. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010)).
[17] *Id.* at 2, 4–5
[18] *Id.* at 4–5.

3

receiving Defendant's Answer and their request that the motion be denied, Plaintiff filed a notice of non-opposition. Accordingly, the court will deny Plaintiff's motion for entry of default judgment against Defendant Blake Maxfield.

## ORDER

Plaintiff's Motion for Entry of Default Against Defendants Blake Maxfield dba Maxway Trucking and Maxway, Inc.[19] is DENIED. Defendant's Motion to Set Aside the Entry of Default Against Defendant Rex Hicks d/b/a Maxfield Trucking[20] is GRANTED.

Signed November 13, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[19] ECF No. 20.
[20] ECF No. 22.